**UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ARCHITECTURAL BUSSTRUT CORPORATION dba busSTRUT; <br><br> Plaintiff, <br> vs. <br><br> SMITH LC, <br><br> And <br><br> STEVEN C. SMITH, individually and as managing shareholder of SMITH LC, <br><br> And <br><br> DOUGLAS M. CAMPBELL, individually and as a shareholder of SMITH LC, <br><br> Defendants. | Civil Action No. 2:21-cv-4028 <br><br> Judge: Michael H. Watson <br> Magistrate: Kimberly A. Jolson |

## **REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

### INTRODUCTION

The dispositive issue in resolving the motion to dismiss filed by Defendants Smith LC, Steven C. Smith, and Douglas M. Campbell (collectively, "the lawyer defendants") is whether this court can exercise specific personal jurisdiction over an out-of-state law firm (Smith LC) and two nonresident lawyers (Steven Smith and Doug Campbell) for a legal malpractice claim brought by a corporation with its principal place of business in Ohio that is premised on the

1

lawyer defendants' out-of-state legal work on an out-of-state court case. Other courts across the country have addressed this same issue, and the overwhelming majority of those courts have concluded that nonresident lawyers and law firms cannot be sued in a client's home forum for out-of-state legal work on an out-of-state matter without violating the Due Process Clause of the Fourteenth Amendment to the United States Constitution because such lawyers and law firms lack the minimum contacts with the client's home forum necessary to justify its exercise of specific personal jurisdiction over them. And Plaintiff Architectural Busstrut Corporation ("BusSTRUT") fails to cite a single case in its opposition memorandum addressing that specific issue and concluding that a client's home forum can exercise specific personal jurisdiction over a nonresident lawyer or law firm for a malpractice claim that is based on the nonresident lawyer or law firm's out-of-state work on an out-of-state matter without violating the defendant's due process rights.

This court should follow the lead of other courts that have addressed the issue and dismiss this case for lack of personal jurisdiction.

## ANALYSIS

**I.     The complaint should be dismissed because this court lacks personal jurisdiction over the lawyer defendants.**

When, as here, a defendant moves to dismiss a case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff bears the burden of establishing a prima facie case that the court has personal jurisdiction over the defendant. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). BusSTRUT argues it has made the necessary prima facie showing because (1) Ohio's long-arm statute permits courts in Ohio to exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution, and (2) the court's

exercise of personal jurisdiction in this case comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[1] Even if BusSTRUT is correct with respect to the first point, it is wrong with respect to the second point. This court's exercise of personal jurisdiction over the lawyer defendants would not comport with due process because the lawyer defendants' lack the requisite minimum contacts with Ohio.

      A.      **The court does not have general personal jurisdiction over any of the defendants.**

BusSTRUT does not expressly state in its opposition to the lawyer defendants' motion to dismiss whether it believes this court possesses general or specific personal jurisdiction over the lawyer defendants. But it is clear that general personal jurisdiction is lacking.

"General" or "all purpose" jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit (e.g., domicile)." *Walden v. Fiore*, 571 U.S. 277, 284 n.6 (2014). A court in a particular forum state may exercise general jurisdiction over a defendant "only when [the] defendant is essentially at home in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, _ U.S. _, 141 S. Ct. 1017, 1024 (2021). Typically, an individual is only subject to general jurisdiction in his or her place of domicile, and a corporation is only subject to general jurisdiction in its place of incorporation and in its principal place of business. *Id.*

Here, it is undisputed that the two individual defendants (Steven Smith and Douglas

---

[1] *See Blessing v. Chandrasekhar*, 988 F.3d 889, 901 (6th Cir. 2021) ("When sitting in diversity, a federal court may exercise personal jurisdiction over an out-of-state defendant only if a court of a the forum could do so."); *Fraley v. Est. of Oeding*, 6 N.E.3d 9, 13-14, ¶ 12 (Ohio 2014) ("The determination of whether an Ohio court has personal jurisdiction over an out-of-state defendant requires a two-step inquiry. First, the court must determine whether the defendant's conduct falls within Ohio's long-arm statute or the applicable civil rule. If it does, then the court must consider whether the assertion of jurisdiction over the nonresident defendant would deprive the defendant of due process of law under the Fourteenth Amendment to the United States Constitution.").

Campbell) are domiciled in California, and the corporate defendant (Smith LC) it both incorporated and has its principal place of business in California. (See ECF No. 12 at PageID 2, ¶¶ 7-9; ECF No. 13 at PageID 77, ¶¶ 2-3; ECF No. 13 at PageID 89, ¶ 2.) Thus, none of the three defendants is subject to general personal jurisdiction in Ohio.

>  B. **The court does not have specific personal jurisdiction over any of the defendants for the legal malpractice claim asserted in the first amended complaint (the only claim BusSTRUT has asserted against any of the defendants).**

This court also lacks specific personal jurisdiction over all three of the lawyer defendants. For a court in a particular forum state to exercise specific personal jurisdiction over a defendant, "the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, _ U.S. _, 137 S. Ct. 1773, 1780 (2017) (cleaned up). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (cleaned up). "Due process requires that an out-of-state defendant have 'minimum contacts' with the forum state sufficient to comport with 'traditional notions of fair play and substantial justice.'" *Blessing*, 988 F.3d at 904 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Thus, for a forum state to exercise personal jurisdiction over a nonresident defendant in a manner that is consistent with due process, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. "What is needed … is a connection between the forum and the specific claims at issue." *Bristol-Myers*, 137 S. Ct. at 1781. And that connection "must arise out of contacts that the defendant *himself* creates with the forum State," not contacts between the plaintiff and the forum state or a third party and the forum state. *Walden*, 571 U.S. at 284 (cleaned up). Similarly, the defendant's contacts with persons

4

who reside in the forum state, including the plaintiff, "cannot be the only link between the defendant and the forum." *Id.* at 285. Rather, the "minimum contacts analysis looks to the defendant's contacts with the forum State itself." *Id.* (cleaned up). And the plaintiff must establish that each individual defendant over whom he or she asks the court to exercise personal jurisdiction had the requisite minimum contacts with the forum state. *Bristol-Myers*, 137 S. Ct. at 1783.

BusSTRUT glosses over these bedrock principles of specific personal jurisdiction in its opposition to the motion to dismiss, focusing instead on its own contacts with Ohio and various attenuated contacts it alleges the lawyer defendants had with BusSTRUT in Ohio that are entirely unrelated to the alleged acts of legal malpractice that serve as the purported the basis for this lawsuit. But the Supreme Court has made it clear that "the plaintiff cannot be the only link between the defendant and the forum" sufficient to establish the minimum contacts necessary for a court in the forum state to exercise personal jurisdiction over the defendant. *Walden*, 571 U.S. at 285. Thus, BusSTRUT's allegations that BusSTRUT has its principal place of business in Ohio, the retainer agreement between BusSTRUT and Smith LC was delivered to BusSTRUT in Ohio, that BusSTRUT made payments to Smith LC from Ohio, or that the lawyer defendants supposedly directed hundreds of emails and telephone calls to BusSTRUT in Ohio for the purpose of furthering their relationship with BusSTRUT (see ECF No. 14 at PageID 96-97) are irrelevant to the minimum contacts analysis. BusSTRUT's legal malpractice claim against the lawyer defendants does not arise out of or relate to any of these alleged contacts with the plaintiff in Ohio. *See Ford Motor*, 141 S. Ct. at 1025 ("The plaintiff's claims, we have often stated, must arise out of or relate to the defendant's contacts with the forum." (cleaned up).

Instead, the alleged conduct of the lawyer defendants that forms the basis of

BusSTRUT's legal malpractice claim lacks any substantial connection whatsoever to Ohio. BusSTRUT identifies five categories of alleged errors in its amended complaint that it asserts constituted legal malpractice on the part of the lawyer defendants: an allegedly missed discovery deadline in a case pending in California state court, the issuance of four subpoenas in the California state court case that were allegedly defective because they did not comply with court rules, the allegedly negligent preparation of two deposition stipulations in the California state court case, an alleged failure to prepare for a deposition in the California state court case of a deponent in Florida, and the alleged rendering of incorrect legal advice regarding site inspection subpoenas in the California state court case for Target stores located in California. (See ECF No. 12 at PageID 59-62, ¶¶ 14-27.) This is the relevant "suit-related conduct" that must create a "substantial connection" with Ohio for this court to exercise personal jurisdiction over the lawyer defendants consistent with due process. *Walden*, 571 U.S. at 284. But all of these alleged errors involved legal work performed by the nonresident lawyer defendants outside of Ohio for a case pending in California. None of these contacts, alone or in combination, created the necessary relationship between any of the defendants, Ohio, and the legal malpractice claim in this litigation to establish the minimum contacts with Ohio necessary to create specific personal jurisdiction over the defendants in Ohio for BusSTRUT's legal malpractice claim.

Other courts around the country faced with the same question of whether out-of-state legal work performed by a nonresident lawyer or law firm on an out-of-state matter can subject the nonresident lawyer or law firm to specific personal jurisdiction in the client's home forum have answered that question in the negative. *See, e.g., Newsome v. Gallacher*, 722 F.3d 1257, 1279-81 (10th Cir. 2013) (holding that a Canadian law firm that performed all of its relevant services for the Oklahoma plaintiff outside of Oklahoma on a transaction that was negotiated,

6

arranged, closed, and documented outside of Oklahoma did not have the minimum contacts with Oklahoma necessary to justify personal jurisdiction over the law firm for a legal malpractice claim in Oklahoma); *Sawtelle v. Farrell*, 70 F.3d 1381, 1391-94 (1st Cir. 1995) (no New Hampshire jurisdiction over Florida and Virginia attorneys hired by New Hampshire residents to represent their son's estate in Florida litigation, despite the defendants' transmittal of legal advice in letters and phone calls to New Hampshire); *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) (no California jurisdiction over a Florida law firm that represented a California resident in Florida); *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 226-27 (8th Cir. 1987) (no South Dakota jurisdiction over a New York law firm that represented a South Dakota corporation in patent litigation in Maryland, even though the law firm had sent two attorneys to South Dakota for three days to review documents and gather information for the plaintiff-client); *Lawhead v. Law Offs. of Joseph Martin Carasso*, 482 F.Supp.3d 867, 872-74 (D. Minn. 2020) (no Minnesota jurisdiction over New York lawyer and law firm for legal malpractice claim for allegedly providing negligent legal advice to clients who resided in Minnesota regarding the administration of a family member's estate in New York, even though the attorney sent 150 emails to the clients in Minnesota related to family member's estate); *Exponential Biotherapies, Inc. v. Houthoff Buruma N. V.*, 638 F.Supp.2d 1, 7-9 (D.D.C. 2009) (no D.C. jurisdiction over a Netherlands law firm that represented a D.C. resident in a European transaction); *We're Talkin' Mardi Gras, LLC v. Davis*, 192 F.Supp.2d 635, 636-38, 639-41 (E.D. La. 2002) (no Louisiana jurisdiction over a Georgia patent attorney who, while representing a Louisiana company and its Texas partners, performed all legal work in Georgia); *Bolinske v. Herd*, 689 N.W.2d 397, 402-03 (N.D. 2004) ("Case law overflows on the point that providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in

which a client resides. The out-of-state activities undertaken on behalf of an in-state client by an out-of-state lawyer, however substantial, are immaterial to the minimum-contact analysis. The mere fact that an attorney-client relationship exists, without other sufficient contacts with the forum, does not confer personal jurisdiction over the firm." (cleaned up)).

In its opposition memorandum, BusSTRUT does not cite to a single case involving a legal malpractice claim against a nonresident lawyer or law firm arising out of or relating to legal work performed outside the forum state on an out-of-state matter. Instead, BusSTRUT relies on cases that are readily distinguishable from the fact scenario at issue in this case. For example, the case that BusSTRUT cites as supposedly "directly-on-point Supreme Court precedent"—*McGee v. International Life Insurance Company*, 355 U.S. 220 (1957)—addressed the issue of personal jurisdiction in the context of a breach of contract claim filed by an insured against his insurer, not a tort claim like the legal malpractice claim asserted by BusSTRUT in this case. Thus, unlike in this case, the fact that the insurance contract at issue in *McGee* was delivered to the plaintiff in the forum state, the premiums were mailed from the forum state, and the insured was a resident of that state were contacts of the defendant with the forum state that were related to the plaintiff's claim that formed the basis of the lawsuit. Here, BusSTRUT is not suing the lawyer defendants for breach of contract but for their alleged negligence in performing their legal services. Similarly, the Sixth Circuit's unpublished decision in *Tharo Systems, Inc. v. Cab Produkttechnik GMBH & Co. KG*, 196 F. App'x 366 (6th Cir. 2006) was also a breach of contract case that is inapposite to this legal malpractice action.

This case is no different from the myriad of other cases where courts have rejected the argument that a nonresident lawyer or law firm is subject to specific personal jurisdiction in the client's home forum for legal work conducted outside the forum state on an out-of-state matter.

8

BusSTRUT has failed to establish a prima facie case of personal jurisdiction in Ohio with respect to any of the three lawyer defendants for its legal malpractice claim. Accordingly, this action should be dismissed without prejudice for lack of personal jurisdiction.

**II.  BusSTRUT has failed to meet its burden of establishing that Ohio is the proper venue for this action.**

If the court dismisses this action for lack of personal jurisdiction, as it should, the motion to dismiss for improper venue will be rendered moot. But even if the court does reach the question of whether venue for this action is proper in Ohio, BusSTRUT is wrong in arguing that it is.

As explained above, this action arises out of claims for alleged legal malpractice in California by California lawyers. Despite having availed itself of the opportunity to file an amended complaint in response to the defendants' initial motion to dismiss, BusSTRUT's operative pleading still contains only minimal and entirely conclusory venue allegations. And based on those conclusory allegations, BusSTRUT asserts venue is proper in this district because of the lawyer defendants' alleged attenuated contacts with BusSTRUT in Ohio that are entirely unconnected to the alleged acts of legal malpractice that form the basis of this lawsuit and because BusSTRUT purportedly suffered damage in Ohio as a result of the defendants' claimed malpractice in California.

None of these claimed facts are relevant to the court's venue analysis and seem to indicate confusion on BusSTRUT's part. As set forth below, the analysis depends on a determination as to whether or not "a substantial part of the events giving rise to the action" occurred in Ohio; tangential contact is simply not relevant as the venue analysis is different from the personal jurisdiction analysis. "It would be [an] error ... to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction

9

inquiries." *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 357 (2d Cir.2005); *accord United States ex rel. Rudick v. Laird,* 412 F.2d 16, 20 (2d Cir.1969) ("The concepts of personal jurisdiction and venue are closely related but nonetheless distinct."). Therefore, BusSTRUT's recitation of facts establishing the defendants' alleged minimum contacts with Ohio is irrelevant to the court's venue analysis. *Steen v. Murray*, 919 F.Supp.2d 993 (S.D. Iowa 2013).

> A. **The location from which Defendant signed the California Retainer Agreement is Not Probative in analyzing appropriate venue as reflect that "a substantial part of the events giving rise to the action occurred within this judicial district"**

In civil actions not based solely on diversity jurisdiction, venue is controlled by Title 28, United States Code, Section 1391, which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

BusSTRUT bears the burden of showing that its initial choice of venue is proper. *Crutchfield v. Santos*, No. 5:07CV–94–R, 2007 WL 4124713, at *1 (W.D.Ky. Nov. 19, 2007); *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F.Supp.2d 1039, 1046 (S.D.Ohio 2002). "[T]he purpose of Section 1391 is to ensure that the plaintiff does not select a venue that is unfair or inconvenient to the defendant." *United Liberty Life Ins. Co. v. Pinnacle West Capital Corp.*, 149 F.R.D. 558, 562 (S.D.Ohio 1993).

The fact that the defendant may have signed the retainer agreement in Ohio has no bearing at all on whether or not a "substantial part" of the alleged malpractice occurred in Ohio.

**B.      Any activity in Ohio related to the California case is tangential and not probative of venue.**

Again, the test for determining venue under section 1391(b)(2) depends on the location of the "events or omissions giving rise to the claim". Claimed events or omissions, such as subpoenas which may have been issued in furtherance of the California litigation, have only a "tangential connection" to the events or omissions giving rise to the alleged claim and are insufficient to establish venue. *Sechel Holdings, Inc. v. Clapp*, WL 3150087 (W.D. Ky. 2012), *citing Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.1994). The relevant question regarding venue is "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Overland, Inc. v. Taylor*, 79 F. Supp.2d 809, 811 (E.D. Mich. 2000), *citing Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir.1994). The requirement of "substantiality" is to prevent the unfairness of a defendant being "haled into a remote district having no real relationship to the dispute." *Cottman*, 36 F.3d. at 294; *see Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir.1995).

**C.      Claimed Damages Suffered in Ohio is Not Sufficient to Establish Proper Venue.**

The Court in *Fischell v. Cordis Corporation*, 2016 WL 8467615 (W.D. Mich. 2016), stated the following when presented with a claim that the location of defendant when harm was suffered was relevant to a proper venue analysis:

> "[T]he fact that one of the three Plaintiffs that Defendant contracted with has resided in Michigan, and suffered alleged economic harm, is not sufficient to establish proper venue. Congress explicitly removed a plaintiff's residence as a basis for venue in diversity cases in 1990, making the location of a plaintiff's economic harm, without more, insufficient. See, e.g., Kolodziej v. Gosciak, No. 1:06–cv–820, 2008 WL 786326, at *6 (W.D. Mich. Mar. 20 2008) (quoting 14D Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice & Procedure § 3806.1 at 215–16 (3d ed. 2007)) ("Most courts have found that the suffering of economic harm within a district is not sufficient without more to warrant transactional venue in that district. This is probably the correct view,

> because otherwise venue most always would be proper at the place of the plaintiff's residence, an option that Congress explicitly removed with the 1990 amendments to the diversity portion of the statute."). The requirement of "[s]ubstantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Pioneer Surgical Tech., Inc., v. Vikingscraft Spine, Inc., No. 2:09–cv–271, 2010 WL 2925970, at *3 (W.D. Mich. July 21, 2010) (dismissing case for improper venue despite the facts that plaintiff was headquartered, negotiated and executed an agreement, and designed, developed, and manufactured relevant products, in this district, because plaintiff failed to establish that venue was proper for all claims7) (internal citation and quotations omitted). "Therefore, courts often focus on the relevant activities of the defendant, rather than the plaintiff, in determining whether a substantial part of the underlying events occurred." Id. (internal citation and quotations omitted).

*Id.* at *2. Thus, the fact that BusSTRUT claims it suffered damages in Ohio is not sufficient to establish venue.

### D. A Transfer is Not Appropriate

28 U.S.C. section 1406(a) states that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." However, a transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants. *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980)." Thus, no transfer of venue is appropriate in this case.

### CONCLUSION

For the reasons set forth above, Moving Defendants, SMITH LC, Steven C. Smith, and Douglas M. Campbell, respectfully request that the amended complaint be dismissed without prejudice, and that this Court grant such other and further relief as is just and proper.

Respectfully submitted November 30, 2021.

                                            Respectfully Submitted,

                                          /s/ *John S. Clifford*
John S. Clifford (CA SBN 172263)
SMITH LC
4 Park Plaza, Suite 1050
Irvine CA 92614
Tel.: 949-416-5000 / Fax: 949-416-5555
jclifford@smith-lc.com
*Pro Hac Vice Attorney for Defendants*

Sean M. Kohl (0086726)
Kohl & Cook Law Firm, LLC
sean@kohlcook.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 30, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Emmett E. Robinson (Ohio Bar No. 88537)
ROBINSON LAW FIRM LLC
16 W. Main St. #3
Wakeman, Ohio 44889
Telephone: 216.505.6900
Facsimile: 216.649.0508
erobinson@robinsonlegal.org
    *Attorney for Architectural Busstrut Corporation*

Sean M. Kohl (0086726)
Kohl & Cook Law Firm, LLC
1900 Bethel Road
Columbus, OH 43220
(614) 763-5111 PH
(937) 813-6057 FAX
sean@kohlcook.com; liz@kohlcook.com
    *Attorneys for Defendants*

Dated: **November 30, 2021**

    */s/ Stephen C. Biggs*
    Stephen C. Biggs
    SMITH LC
    40 N. Center St., Suite 104
    Mesa, AZ 85201
    (480) 361-8575
    sbiggs@smith-lc.com